**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSEPH SMITH, | No. 14-15004 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01222-SKO |
| v. | |
| JEFFREY WANG; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted December 11, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Joseph Smith appeals the district court's dismissal of his 42 U.S.C. § 1983

action alleging deliberate indifference to his serious medical needs. We have

jurisdiction pursuant to 28 U.S.C. § 1291 and review the denial of leave to amend

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

for an abuse of discretion. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

The district court did not abuse its discretion by dismissing the first amended complaint without granting leave to file a second amended complaint because the deficiencies in the first amended complaint cannot be cured by amendment. *Id.* At most, Smith states a negligence claim against the surgeon, which does not rise to the level of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Nor can Smith amend to state a claim against the prison doctors. Smith only alleges a difference of opinion regarding treatment, not deliberate indifference. *Toguchi*, 391 F.3d 1059-60. Moreover, the documents attached to Smith's complaints contradict any conclusory allegations that the prison doctors refused to provide or delayed treatment. *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 n.1 (9th Cir. 2012) (exhibits attached to the complaint may be considered to decide whether dismissal is proper); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory allegations not supported by factual allegations do not state a plausible claim).

**AFFIRMED.**



*Smith v. Wang*, No. 14-15004

BEA, Circuit Judge, concurring in part and dissenting in part:

The majority correctly concludes that the deficiencies in the first amended complaint ("FAC") as to defendants Yu and Paik cannot be cured by amendment; the documents submitted by Smith rebut the claim against Drs. Yu and Paik.

However, I would reverse and remand as to Smith's claim against Dr. Wang. The FAC alleged that in February, 2011, less than a month after Smith's January 26, 2011 knee-replacement surgery:

> Exactly at the point where the pain was at [its] wors[t], Plaintiff's medication was suddenly unavailable to him. . . . Plaintiff [requested] that he be seen by the Facility M.D. (at that time, defendant Wang) to have his leg and knee examined for the swelling . . . . On February 16th, 2011, Plaintiff was ducated to [a medical facility] to see the RN (Registered Nurse) regarding the [form] he'd submitted to have his leg & knee examined, and his medication for pain renewed. Plaintiff was screened by the RN on duty who, in turn, contacted defendant Wang. The RN advised . . . that defendant Wang refused to see Plaintiff, to either take a look at the knee, or renew pain medication.

Smith submitted documents that show that after he filed a health-care appeal, he eventually received an in-clinic evaluation on April 13, 2011, at which point a nurse practitioner made note that Smith was prescribed pain medication through

1

May 20, 2011. However, the documents do not establish that Smith received this unnamed medication from the time of his January surgery to the April 13, 2011 appointment. Smith alleged that he ran out of pain medication. The documents can be read to state that at his April 13, 2011 consultation, Smith was prescribed the unnamed medication, good through May 20, 2011. Under this interpretation, Smith was without pain medication for two months, from February to April 13, 2011.

Even if Smith did receive the unnamed medication continuously after his surgery, the documents still do not establish that Smith was receiving adequate pain medication, such as morphine or Salsalate, both of which Smith received at some point between February and July 2011. The unnamed medication may have been Motrin, to which other documents submitted by Smith refer. The documents submitted show that Smith consistently complained that Motrin was inadequate to treat his pain and that he needed stronger pain medication which he did not receive and which Dr. Wang refused to prescribe.

A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (internal quotations omitted). A prison official is deliberately indifferent to that need if he knows of and disregards an excessive risk to inmate health. *Id*. According to the allegations of the FAC, Dr.

2

Wang knew that Smith had undergone major surgery and refused to see Smith when Smith complained of pain. Nothing in the documents submitted rebuts Smith's allegation that he was not receiving adequate pain medication as of February 16, 2011, nor that Dr. Wang simply refused to treat him. As Dr. Wang could prescribe medication, Smith has alleged facts sufficient to state a plausible claim for relief for Dr. Wang's alleged deliberate indifference. Mere failure to prescribe adequate pain medication may state only a claim in negligence. But we must accept Smith's allegations as true except to the extent that they are rebutted by the documents he submitted. When it is alleged that the attending physician refused to see the patient and refused to renew pain medication, absent evidence that the physician was exercising his medical judgment, a claim has been stated that the physician was deliberately indifferent. At this stage, that is all that is required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).